Bahig F. Bishay, in his individual capacity and
Private Attorney General & another,

        Appellant

      v.

Scott S. Harris, in his individual capacity, &
others in their individual capacities, et al.,

        Appellees

       **BEFORE:**    Wilkins, Katsas, and Walker, Circuit Judges

# O R D E R

Upon consideration of appellant's brief; the motions for summary affirmance, the opposition thereto, and the replies; the petition for a writ of mandamus or, in the alternative, motion for summary reversal, the oppositions thereto, and the reply; the motions to supplement the appeal; and the motion to recuse and vacate, which the court construes as a petition for a writ of mandamus seeking recusal, and the oppositions thereto, it is

**ORDERED** that the motions to supplement the appeal be dismissed as moot. Appellant timely filed notices of appeal of the district court's April 5, 2023 and May 18, 2023 orders, and those notices were transmitted to this court and docketed in this court as amended notices of appeal. It is

**FURTHER ORDERED** that the petition for a writ of mandamus seeking recusal of the district court judge be denied. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and no bias or other impropriety is evident from the record. It is

**FURTHER ORDERED** that the motions for summary affirmance be granted, and that the petition for writ of mandamus or, in the alternative, motion for summary reversal be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

First, the district court's December 16, 2022 and December 21, 2022 orders denying appellant's motions for postjudgment relief were not an abuse of discretion.

See Smalls v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006). The Supreme Court Clerk's rejection of appellant's "Bill of Complaint" does not undermine the district court's conclusion that it lacks jurisdiction to direct the Supreme Court Clerk to take any action. See In re: Marin, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (stating that the Supreme Court has "exclusive" supervisory responsibility over its Clerk, and "neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise").

Second, the district court's December 21, 2022 order revoking appellant's CM/ECF password based on appellant's repetitive filings and its May 18, 2023 order denying reconsideration of the revocation were not an abuse of discretion. See Banner Health v. Price, 867 F.3d 1323, 1334 (D.C. Cir. 2017) (stating that district court has discretion to control its docket); D.D.C. Local Rule 5.4(b)(2).

Third, the district court's December 22, 2022 and April 5, 2023 orders proposing and entering the filing injunction against appellant were not an abuse of discretion. The district court provided appellant with notice and an opportunity to be heard and created an adequate record for review. See In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988). Additionally, the district court correctly based its injunction on appellant's repetitive filings in many courts and made substantive findings as to the frivolous and harassing nature of appellant's actions. See id.

Fourth, appellant has not shown that the district court erred in its April 5, 2023 and May 18, 2023 orders denying appellant's motion to recuse and vacate. See Liteky, 510 U.S. at 555.

Finally, as to appellant's request for mandamus relief contained in his petition for a writ of mandamus or, in the alternative, motion for summary reversal, appellant has not shown that he is entitled to mandamus relief, as mandamus may not be used "as a substitute for appeal." Doe v. Exxon Mobil Corp., 473 F.3d 345, 353 (D.C. Cir. 2007) (citation omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**